Filed 3/7/22  P. v. Kingery CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049415 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 21CR01178) |
| v. | |
| JASON ZACHARY KINGERY, | |
| Defendant and Appellant. | |

## I.     INTRODUCTION

Defendant Jason Zachary Kingery pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1]  The trial court placed defendant on formal probation for 24 months.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case but raises no issues.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  We have received no written argument from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal.  Following the California Supreme Court's direction in

_____

[1] All further statutory references are to the Penal Code.

*Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*[2]

Santa Cruz County Sheriff's Deputy Caitlin McBride contacted Kerwyn Brumble on March 17, 2021. Brumble reported that he had been threatened twice while conducting traffic control for a private company.

Brumble told Deputy McBride that in mid-February, a vehicle came toward him at a high rate of speed while he was standing in an intersection. Brumble jumped out of the way, but the vehicle came back at a high rate of speed and pulled beside him. The driver said, " 'You fucking nigger,' " and, " 'I'm going to fucking kill you,' " and flipped Brumble off. Brumble is African American.

Brumble continued to work but the vehicle turned around and drove toward him at approximately 15 miles per hour. Brumble had to jump out of the way to avoid being hit. The driver said, " 'You watch. I'm going to fucking kill you.' " Brumble did not report the incident initially because he thought it might have been "a one-time thing and hoped it wouldn't happen again."

Brumble told Deputy McBride that a second incident occurred on March 17 "in the same neighborhood with the same person in the same vehicle." Brumble stated that he heard a vehicle approaching him and that his partner yelled, "[W]atch out." Brumble jumped out of the road and saw that it was the same vehicle as the month before. The driver pulled within feet of Brumble and said, " 'I told you I was gonna fucking kill you.' " Brumble believed that the vehicle would have hit him if he had not jumped out of the way. Brumble was fearful because " 'it had now happened twice.' "

---

[2] The facts are based on the evidence presented at the preliminary hearing, which provided the factual basis for defendant's plea.

Brumble described the driver as a stocky white male with reddish hair and a beard and described the vehicle as a blue Toyota hatchback. Brumble sent Deputy McBride a photo of the vehicle in a driveway.

Deputy McBride went to the vehicle's location. A woman and then a man came to the door. Deputy McBride stated that she needed to talk to the man about an incident that occurred earlier that day. The man said, " 'I'm Jason. I'm the person that you want to talk to.' " Brumble subsequently made an in-field identification of defendant.

A week after Deputy McBride took her report, Brumble requested a restraining order against defendant.

**B. *Procedural Background***

Defendant was charged by information with two counts of assault with a deadly weapon, namely, a Toyota Matrix, (§ 245, subd. (a)(1)), two counts of criminal threats (§ 422), and two counts of misdemeanor interference with the free exercise of civil rights (§ 422.6, subd. (a)).

On the date of defendant's plea, the prosecution moved to amend the information to add a count of assault by means likely to cause great bodily injury (§ 245, subd. (a)(4)). The trial court granted the motion to amend. Pursuant to a negotiated plea agreement, defendant pleaded no contest to assault by means likely to cause great bodily injury.

At the sentencing hearing, the trial court stated that the presentence report indicated that defendant was concerned about his representation, planned to appeal, and wanted a *Marsden*[3] hearing.[4] The court recounted that defendant had informed the court, apparently off the record, that he wished to proceed with sentencing, but would "contact

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[4] The presentence report states that defendant told the probation officer that he did not trust his attorney and he was "railroaded into his plea," which he entered under duress. Defendant planned to get a job so that he could hire an attorney to file an appeal.

3

counsel of [his] choice" after his release from custody to "see what steps, if any, can be taken . . . concerning this matter." When asked by the court whether he wished to proceed with sentencing with his current representation, defendant responded affirmatively. The court told defendant that it would relieve his counsel after sentencing and that it was not making any promises "as to what any other attorney could accomplish or might have been able to accomplish in this case." Defendant indicated that he understood.

The trial court told defendant that it appreciated his concerns and asked whether defendant wished to proceed with a *Marsden* hearing to determine whether he was entitled to "new counsel right now." Defendant stated that he was "not prepared to do that at the moment." The court asked defendant if he would like a weeklong continuance to determine whether he wished to proceed with a *Marsden* hearing, and defendant responded, "No." Defendant stated that he "waive[d] [his] motion for a *Marsden* at this time." (Italics added.) The court informed defendant that it was "absolutely his right" to contact counsel after his release.

The trial court suspended imposition of sentence and placed defendant on formal probation for 24 months. The court ordered defendant to serve 364 days in county jail and awarded defendant 340 days of credit, consisting of 170 days of actual credit and 170 days of conduct credit. The court suspended all fines and fees based on defendant's representation of indigence and stayed a $300 probation revocation restitution fine pending successful completion of probation. Among other probation conditions, the court imposed a general order of victim restitution and ordered defendant to have no contact with Brumble. The court ordered defendant to complete a substance-use disorder assessment and to participate in educational, vocational, or therapeutic programs at the direction of probation.

4

### III.  DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

### IV.  DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*People v. Kingery*
**H049415**